IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAVID BROWNLOW; JIM EHLERT; CHRIS CARROLL; CHET E DAVIS; LAWRENCE DOLAN; DELTA J ENTERPRISES, an Oregon Limited Partnership; DENNIS JACKSON; CONNIE JOHNSON; JEFF JOHNSON; KRIS JOHNSTON; BRUCE PAYNE; JOE NELSON; SHERRY SHERMAN; DENISE WHEELAND; and GERALD WHEELAND, | Civ. No. 09-1277-AC<br><br>FINDINGS AND RECOMMENDATION |

                              Plaintiffs,

      v.

AMERICAN BEEF PROCESSING, LLC; ANTHONY J. GARWOOD; JOHN S. EWALD; JULIE C. GARWOOD; RICH CASPER; JAMES PETERSON; and FOLEY & LARDNER, LLP,

                              Defendants.

FINDINGS AND RECOMMENDATION        1                      {MEC}

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs David Brownlow; Jim Ehlert; Chris Carroll; Chet E. Davis; Delta J Enterprises, an Oregon Limited Partnership; Dennis Jackson; Connie Johnson; Jeff Johnson; Kris Johnston; Bruce Payne; Joe Nelson; Sherry Sherman; Denise Wheeland; and Gerald Wheeland (collectively "Plaintiffs") move for an award of attorney's fees under 28 U.S.C. §1447(c) against defendants American Beef Processing, LLC; Anthony J. Garwood; John S. Ewald; Julie Garwood; Rich Casper; James Peterson; and Foley & Lardner, LPP (collectively "Defendants"). Plaintiffs allege that Defendants' motion for removal was inappropriate and unreasonable because, pursuant to *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006), the federal court did not have subject matter jurisdiction over the underlying case. All parties agree that removal was inappropriate. Defendants' removal of the case to federal court was unreasonable, but unusual circumstances exist which render attorney's fees improper. Plaintiffs' motion should be denied.

*Background*

Plaintiffs originally filed their complaint in state court and allege that Defendants unlawfully solicited the sale of securities to Plaintiffs. Defendants made a timely filing of removal. Plaintiffs did not object to the removal within thirty day pursuant to 28 U.S.C. § 1447(c), but moved for remand to state court nine months later. In the intervening period, the parties participated in mediation. Plaintiffs assert that mediation failed because defendant American Beef Processing, LLC ("ABP") stated that it did not have funds with which to settle the case, and the other defendants refused to settle without contribution from ABP. Plaintiffs also have alleged that ABP and defendant

Anthony Garwood ("Garwood") attempted to obfuscate their citizenship. However, defendant Foley & Lardner, LLP ("Foley") notes that discovery occurred only on the issue of Garwood's citizenship and ABP's principle place of business, and did not produce evidence that would justify remand.

Plaintiffs' initial motion to remand focused on Garwood's domicile and ABP's principle place of business. Plaintiffs asserted another theory for remand in their reply brief, alleging that the notice of removal was technically deficient and Garwood was not a U.S. citizen. Plaintiffs then sought leave to amend their motion to remand to assert a third basis for removal, which request was denied by the court. This third version relied on the holding in *Johnson v. Columbia Properties*. Even though the court did not allow the motion, defendants Foley, Casper and Peterson nevertheless reviewed Plaintiffs' argument and concluded that it had merit. Foley, Casper and Peterson "promptly offered to stipulate to a remand without fees or costs," but Plaintiffs rejected the offer and instead filed the motion for fees now under consideration. (Foley's Opposition to Plaintiffs' Motion for Fees at 4.)

*Standards*

Federal statute provides: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, as a result of the removal." 28 U.S.C. § 1447(c) (2001). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, "district courts retain discretion to determine whether unusual circumstances warrant a departure from the rule in a given

FINDINGS AND RECOMMENDATION          3                    {MEC}

case." *Id.*

The court has significant discretion to determine when attorney's fees should be awarded. Except for claims that implicate civil rights, there is no presumption that fees will be granted. *Id*. at 136-137. The use of the word "may" in the statute indicates that judicial discretion should be exercised in determining when an award of attorney's fees is appropriate following a remand order. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). The district court's discretion in awarding attorney's fees should be guided by Congress's goals in enacting the removal statute and its fee-shifting component: first, to create a right to a federal forum for a class of state-court defendants; second, to limit frivolous and wasteful invocation of that right. *Martin*, 546 U.S. at 139.

If the basis for seeking removal is objectively unreasonable, the court may award attorney's fees. That said, "[r]emoval is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful." *Columbia State Bank v. Daybreak Estates, LLC*, No. 10-CV-1284-AC, 2011 WL 832132 (D. Or. Feb. 9, 2011) (citing *Patel v. Del Taco, Inc*, 446 F.3d 996 (9th Cir 2006)). One such unreasonable basis is a patently erroneous assertion of subject matter jurisdiction. *Patel*, 446 F.3d at 999; *Evitts v. Pitney Bowes*, No. CV-10-8257-PCT- DGC, 2011 WL 1211680 (D. Ariz. March 31, 2011).

Unusual circumstances which might lead a judge to deny attorney's fees include a "plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." *Martin,* 546 U.S at 141. In evaluating unusual circumstances, the court should consider the relevant circumstances, as well as the purposes of § 1447(c)'s fee provision. *Martin*, 141 (citing *Fogerty*, 510 U.S at 534).

*Discussion*

Removal by Defendants was unreasonable because the district court did not have diversity jurisdiction at the time of removal. When Defendants filed for removal to federal court, they stated, pursuant to 28 U.S.C. § 1441(a), that the district court had diversity jurisdiction. (Notice of Removal 2.) However, complete diversity was lacking because complete diversity requires that no defendant be a citizen of the same state as any plaintiff. *Lincoln Property Co, et al. v. Roche, et ux.*, 546 U.S. 81, 89 (2005). In 2006, the Ninth Circuit ruled that limited liability companies ("LLCs") are citizens of every state of which their owners or members are citizens. *Johnson*, 437 F.3d at 899.

In this case, Plaintiffs purchased "equity units" from defendant ABP. (Notice of Removal, Ex. 2 at 2.) Upon purchasing the equity units, the plaintiffs became members of the limited liability company. As an LLC is a citizen of each state in which its members are citizens, an LLC cannot be sued in diversity by its own members. *See Johnson*, 437 F.3d at 899.

At the time Defendants filed for removal and claimed diversity jurisdiction, the decision in *Johnson* had already issued and the diversity-destroying relationship between the plaintiffs and ABP was known to all parties. Thus, on the face of the complaint, the district court did not have subject matter jurisdiction over the underlying case. That said, the unreasonableness was the result of a still somewhat recent change in the law. *Johnson*, 437 F.3d at 899. This change altered a longstanding rule[1] and, in doing so, joined only approximately half of the United States Circuit Courts of Appeal. *Johnson*, 437 F.3d at 899. Although not an excuse for removal of the case when the complaint disclosed that diversity was absent, these circumstances mitigate to some degree the improper removal.

---

[1] 28 U.S.C. 1332(c)(1) (2001).

Furthermore, even where a court has determined that removal was unreasonable, the court must consider whether unusual circumstances preclude an award of attorney fees. In the course of the discovery period, Plaintiffs sought remand on, and made discovery requests relating to, two different grounds which have no actual basis in law. First, Plaintiffs argued that Garwood's citizenship status precluded diversity jurisdiction. However, the question of Garwood's citizenship has no bearing on diversity jurisdiction. *See generally* Freer, Richard D. *Civil Procedure*, 171 (Aspen Publishers 2009) (2006) ("[F]oreign citizens or subjects [...] admitted to the United States for permanent residence shall be deemed citizens of the state in which they are domiciled."). Second, Plaintiffs argued for remand under the "nerve center" test which applies to corporations, not LLCs. *E.g. GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004). Thus, the delay, when coupled with remand motions based on irrelevant theories, replies, and amendments filed by Plaintiffs, constitute unusual circumstances. Based on these circumstances, the court concludes that Plaintiffs should not recover attorney's fees.

Additionally, an award of fees would not serve the interests of justice. *See Martin*, 546 U.S. at 138 ("[Section] 1447(c) authorizes courts to award costs and fees, but only when such an award is just".) Justice, in the case of fee awards for improper removal, requires the balancing of Congress's intent to create a right of removal with its desire to avoid frivolous removal. *Id*. at 140. The fee statute, the Supreme Court has noted, should not discourage a defendant from exercising the right to remove in all cases except the most obvious. *Id*. While Defendants were not initially aware of the deficiency of removal, as soon as Foley, Casper and Peterson became aware of the deficiency they offered to stipulate to remand. In a letter to the court, counsel for defendant Foley stated, "[a]fter reaching this conclusion we contacted Mr. Leuenberger, counsel for plaintiffs, and proposed that we

FINDINGS AND RECOMMENDATION              6                              {MEC}

stipulate to a remand to state court without fees or costs. He advised today that his clients have declined that offer. (Knight Declaration in Support of Foley's Opposition to Plaintiffs' Motion for Fees Ex. A.) Thus, awarding fees in this case would not serve the goals of the removal statute, and would additionally serve to deter such prompt and forthright action by parties.

*Conclusion*

For the reasons stated above, plaintiffs' motion for an award of attorney's fees (Docket No. 51) should be DENIED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due July 5, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21 day of June, 2011.

JOHN V. ACOSTA
United States Magistrate Judge